# R. W. Lay and Ida Lay, Appellees, v. Illinois Central Railroad Company, Appellant.

1. Appeal and error, § 963*—*when record imports verity.* On an appeal from an order overruling a motion for a judgment on what was claimed to be the verdict of the jury, a record which shows that the jury failed to agree on a verdict and that a new trial was ordered, imports verity, cannot be impeached by the verdict filed in the case, binds the parties and controls the court in its consideration of the appeal.

2. Appeal and error, § 269*—*when order overruling motion for judgment is not final.* Where on an appeal from an order overruling a motion for a judgment on what was claimed to be the verdict of the jury the record shows that the jury failed to agree on a verdict and that a new trial was ordered, the order is not a final judgment from which an appeal may be prosecuted.

3. Mandamus, § 16*—*when proper to compel entry of judgment on veraict.* If a party is not satisfied with a ruling on a motion for a judgment on a verdict, the question of the sufficiency of the verdict to support a judgment can be raised by petition for mandamus to compel the trial judge to enter judgment on the verdict.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

Appeal from the Circuit Court of Johnson county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the March term, 1913. Dismissed. Opinion filed October 9, 1913.

JAMES C. COURTNEY and CHARLES J. HUFFMAN, for appellant; JUDGE W. W. BARR, of counsel.

SPANN & SPANN, for appellees.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This case comes here on appeal from an order of the Circuit Court of Johnson county, overruling appellant's motion for judgment, on what it claims was the verdict of a jury.

The record of the court shows that the court in disposing of the motion adjudged all the costs in the case against the appellant. The judgment for all costs was unwarranted but since this case must be retried this error can and no doubt will be corrected on the final disposition of the case.

The appeal in this case must be dismissed because the order appealed from was not a final judgment in the case.

The court records show that the jury failed to agree on a verdict and that a new trial was ordered. This record imports verity, and the verdict filed in the case cannot impeach that record. If the appellant was not satisfied with the rulings of the court on its motion for judgment on the verdict, the question of the sufficiency of the verdict to support a judgment could have been raised by petition for mandamus to compel the trial judge to enter judgment on the verdict.

Holding as we do that the order appealed from is not a final judgment from which an appeal may be prosecuted, the question as to whether the verdict of the jury was regular and sufficient does not arise in this case.

The record as made not only binds the parties but

must control this court in its consideration of this appeal.

Since this appeal must be dismissed and the case is yet to be heard on the merits, a discussion of the numerous alleged errors on the former trial will not be entered on here.

The appeal is therefore dismissed.

*Dismissed.*